DOCKET & FILE
FILED Read
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 9/10/12
SEP 05 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MELISSA NEWTON,

        Plaintiff,

    -against-

SUNY HOSPITAL, formerly known
as LICH; DR. CHARLES LUTHER;
DR. DIANE STONE; SOCIAL
WORKER TIFFANY DAIS; DR. ADAM
KARPATI, Director of
Community Services; and
DR. EDGAR VALASQUEZ,

        Defendants.
----------------------------------x

NOT FOR PRINT
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

12-CV-4099 (KAM)

**MATSUMOTO, United States District Judge:**

    *Pro se* plaintiff Melissa Newton ("plaintiff") filed this action on August 14, 2012 against doctors and social workers involved in her mental health treatment ("defendants"). (*See* ECF No. 1, Complaint.) Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this motion. For the reasons set forth below, this action is dismissed and plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

### BACKGROUND

    Plaintiff purports to invoke the jurisdiction of the court on the basis of the venue statute, 28 U.S.C. § 1391, but fails to identify any federal question at issue or any other basis for the court's jurisdiction over her claims. Indeed, it is difficult to

discern from the complaint what possible claim or claims she seeks to assert. In the "Statement of Claim" section of the complaint, plaintiff states: "Jostling leads to what should be considered an obstruction of the mental hygiene system where the doctor is interested in his salary at patient intake." (Complaint at 1.)[1] Plaintiff further states that she is on a court-ordered Assisted Outpatient Treatment program, but it is not clear if she wishes to challenge the course of her treatment or raise another issue. She mentions a family court proceeding and several potential state law causes of action, including libel, negligence, malpractice, and "deformation [sic] of character." (*Id.* at 2, 7.) Plaintiff also attaches medical records, personal summaries of her domestic situation, documents from Family Court proceedings, and a completed application for New York City Supportive Housing. Finally, plaintiff requests $100,000,000 in damages, including lost wages and pain and suffering. (*Id.* at 4.)

## DISCUSSION

In reviewing the complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

---

[1] Because the pages of the complaint and its attachments are not consecutively paginated, the court refers to the page numbers assigned by the Electronic Case Filing system ("ECF").

*Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

3

Federal subject matter jurisdiction is available only when (1) a "federal question" is presented, which means the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331, or (2) when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, see id. § 1332.

Plaintiff's complaint does not assert any valid basis for the court's jurisdiction over her claims. First, she has not alleged the violation of any federal law or constitutional right nor otherwise suggested any basis for "federal question" jurisdiction. Second, as plaintiff states that she and all of the defendants reside in New York State and she fails to set forth a supportable assessment of the amount in controversy, there is no diversity jurisdiction. As plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the court has no basis for federal subject matter jurisdiction over this action.

A district court should not dismiss a *pro se* complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). The court cannot discern any valid claim from a liberal reading of the complaint, but notes that plaintiff cites to several federal statutes. Accordingly, plaintiff is granted leave to amend the complaint within thirty (30) days of the date of this Order, or by

4

October 5, 2012, in order to cure the deficiencies discussed above and to set forth a basis for federal subject matter jurisdiction over this action. The amended complaint must be labeled "Amended Complaint" and bear the same docket number as this Order.

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead within 30 days, or by October 5, 2012, in accordance with this Order. Once submitted, the Amended Complaint shall be reviewed for compliance with this Order and for sufficiency under Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B).

No summonses shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to replead within the time allowed, judgment dismissing the complaint in its entirety shall be entered. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

The Clerk of the Court is respectfully requested to serve a copy of this Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated: September 5, 2012
Brooklyn, New York

/S/
_____
KIYO A. MATSUMOTO
United States District Judge